APPEAL,CLOSED,CONSENTPILOT,STANDARD

# U.S. District Court
## District of Maine (Bangor)
## CIVIL DOCKET FOR CASE #: 1:25−cv−00468−LEW

| | |
|---|---|
| UNITED STATES OF AMERICA v. BELLOWS | Date Filed: 09/16/2025 |
| Assigned to: JUDGE LANCE E. WALKER | Date Terminated: 05/21/2026 |
| Referred to: MAGISTRATE JUDGE KAREN FRINK WOLF | Jury Demand: None |
| Cause: 28:1345 USA Plaintiff | Nature of Suit: 441 Civil Rights: Voting |
| | Jurisdiction: U.S. Government Plaintiff |

**Plaintiff**

**UNITED STATES OF AMERICA**   represented by   **BRITTANY E. BENNETT**
DOJ−CRT
950 PENNSYLVANIA AVE., NW
WASHINGTON DC, DC 20579
202−704−5430
Email: brittany.bennett@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DAVID D. VANDENBERG**
DOJ−Crt
CRT
150 M STREET, NE
WASHINGTON, DC 20002
202−307−2767
Email: david.vandenberg@usdoj.gov
*TERMINATED: 01/30/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JAMES THOMAS TUCKER**
DOJ−CRT
U.S. DEPARTMENT OF JUSTICE
950 PENNSYLVANIA AVE NW
4CON 8TH FLOOR
WASHINGTON, DC 20530
202−307−2767
Email: james.t.tucker@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MICHAEL GATES**
DOJ−CRT
950 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20530−0001
714−458−5591
Email: michael.gates2@usdoj.gov
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**CHRISTOPHER J. GARDNER**
DOJ−CRT
150 M ST. NE
WASHINGTON, DC 20002
202−812−2631
Email: christopher.gardner@usdoj.gov
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**SHENNA BELLOWS**                    represented by    **JASON ANTON**
*In her official capacity as Secretary of*                OFFICE OF THE ATTORNEY
*the State of Maine*                                       GENERAL
                                                          6 STATE HOUSE STATION
                                                          AUGUSTA, ME 04333−0006
                                                          207−626−8800
                                                          Email: jason.anton@maine.gov
                                                          *ATTORNEY TO BE NOTICED*

                                                          **JONATHAN R. BOLTON**
                                                          OFFICE OF THE ATTORNEY
                                                          GENERAL
                                                          STATE HOUSE STATION 6
                                                          AUGUSTA, ME 04333−0006
                                                          207−626−8551
                                                          Email: jonathan.bolton@maine.gov
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**STATE OF MAINE**                    represented by    **JASON ANTON**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **JONATHAN R. BOLTON**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

V.

**Intervenor Defendant**

**JOHN SCHNECK**                      represented by    **BRANDEN D. LEWISTON**
                                                          ELIAS LAW GROUP LLP
                                                          250 MASSACHUSETTS AVE NW
                                                          SUITE 400
                                                          WASHINGTON, DC 20001
                                                          202−998−8667
                                                          Email: blewiston@elias.law

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**CHRISTOPHER D. DODGE**
ELIAS LAW GROUP LLP
250 MASSACHUSETTS AVE NW
SUITE 400
WASHINGTON, DC 20001
202−987−4928
Email: cdodge@elias.law
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ELISABETH C. FROST**
ELIAS LAW GROUP LLP
250 MASSACHUSETTS AVE NW
SUITE 400
WASHINGTON, DC 20001
202−968−4513
Email: efrost@elias.law
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**TORI SHAW**
ELIAS LAW GROUP LLP
Litigation
250 MASSACHUSETTS AVE NW
SUITE 400
WASHINGTON, DC 20001
202−987−4663
Email: tshaw@elias.law
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JAMES G. MONTELEONE**
BERNSTEIN SHUR SAWYER &
NELSON
100 MIDDLE STREET
PORTLAND, ME 04104−5029
207−228−7198
Email: jmonteleone@bernsteinshur.com
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**MARPHEEN CHANN**                    represented by    **BRANDEN D. LEWISTON**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

CHRISTOPHER D. DODGE
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

ELISABETH C. FROST
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

TORI SHAW
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

JAMES G. MONTELEONE
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**LEAGUE OF WOMEN VOTERS OF
MAINE**                                represented by    ALEXIS DENAE GRADY
CAMPAIGN LEGAL CENTER
1101 14TH ST NW
SUITE 400
Ste 400
WASHINGTON, DC 20005
202−736−2200
Email: agrady@campaignlegalcenter.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

ANDREW B. GARBER
BRENNAN CENTER FOR JUSTICE
120 BROADWAY
Suite 1750
NEW YORK, NY 10271
646−292−8358
Email: garbera@brennan.law.nyu.edu
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

DANIEL S. LENZ
CAMPAIGN LEGAL CENTER
1101 14TH ST NW
SUITE 400
20005
WASHINGTON, DC 20005

202−266−5156
Email: dlenz@campaignlegalcenter.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**HEATHER S. SZILAGYI**
CAMPAIGN LEGAL CENTER
1101 14TH ST NW
SUITE 400
WASHINGTON, DC 20005
202−736−2200
Email: hszilagyi@campaignlegalcenter.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**KATHERINE S. HAMILTON**
CAMPAIGN LEGAL CENTER
1101 14TH ST NW
SUITE 400
WASHINGTON, DC 20005
202−360−2864
Email: khamilton@campaignlegalcenter.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**MAURA EILEEN O'CONNOR**
BRENNAN CENTER FOR JUSTICE
777 6TH ST. NW
SUITE 1100
WASHINGTON, DC 20002
202−679−5893
Email: oconnore@brennan.law.nyu.edu
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**RENATA S. O'DONNELL**
CAMPAIGN LEGAL CENTER
1101 14TH ST NW
SUITE 400
WASHINGTON, DC 20005
202−736−2200
Email: rodonnell@campaignlegalcenter.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ROBERT BRENT FERGUSON**
CAMPAIGN LEGAL CENTER

1101 14TH ST NW
SUITE 400
WASHINGTON, DC 20005
202−736−2200
Email: bferguson@campaignlegalcenter.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**SEJAL S. JHAVERI**
CAMPAIGN LEGAL CENTER
1101 14TH ST NW
SUITE 400
WASHINGTON, DC 20005
202−736−2200
Email: sjhaveri@campaignlegalcenter.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ALLAN K. TOWNSEND**
JOHNSON & WEBBERT LLP
1 BOWDOIN MILL ISLAND
STE 300
TOPSHAM, ME 04086
207−623−5110
Email: allan@work.law
*ATTORNEY TO BE NOTICED*

**Amicus**

**ACLU OF MAINE**                    represented by **JONATHAN J. TOPAZ**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATOIN
125 BROAD STREET
18TH FLOOR
NEW YORK, NY 10004
212−549−2640
Email: jtopaz@aclu.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**PATRICIA JIA YAN**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15TH ST NW
WASHINGTON, DC 20005
281−961−1468
Email: pyan@aclu.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**SOPHIA LIN LAKIN**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATOIN
125 BROAD STREET
18TH FLOOR
NEW YORK, NY 10004
212−519−7836
Email: slakin@aclu.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**THERESA J. LEE**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATOIN
125 BROAD STREET
18TH FLOOR
NEW YORK, NY 10004
212−549−2500
Email: tlee@aclu.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ZACHARY L. HEIDEN**
AMERICAN CIVIL LIBERTIES UNION
OF MAINE
PO BOX 7860
PORTLAND, ME 04112
207−774−5444
Fax: 207−774−1103
Email: zheiden@aclumaine.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**CAROL GARVAN**
AMERICAN CIVIL LIBERTIES UNION
OF MAINE
PO BOX 7860
PORTLAND, ME 04112
207−619−8687
Email: cgarvan@aclumaine.org
*ATTORNEY TO BE NOTICED*

**Amicus**

**MARYLAND OFFICE OF THE ATTORNEY GENERAL**    represented by    **PETER J. BRANN**
BRANN & ISAACSON
113 LISBON STREET
P.O. BOX 3070
LEWISTON, ME 04243−3070
207−786−3566

Fax: 207−783−9325
Email: pbrann@brannlaw.com
*ATTORNEY TO BE NOTICED*

**VIRGINIA ANNE WILLIAMSON**
MARYLAND OFFICE OF THE
ATTORNEY GENERAL
200 SAINT PAUL PLACE
BALTIMORE, MD 21202
410−576−6584
Email: vwilliamson@oag.state.md.us
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

| | | |
|---|---|---|
| **MARY ESTILL BUCHANAN** | represented by | **DONALD K. SHERMAN**<br>CITIZENS FOR RESPONSIBILITY AND<br>ETHICS IN WASHINGTON<br>PO BOX 14596<br>WASHINGTON, DC 20044<br>202−236−7135<br>Email: dsherman@citizensforethics.org<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED*<br><br>**JOHN BRENT HILL**<br>CITIZENS FOR RESPONSIBILITY AND<br>ETHICS IN WASHINGTON<br>PO BOX 14596<br>WASHINGTON, DC 20044<br>202−408−5565<br>Email: jhill@citizensforethics.org<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED*<br><br>**MELISSA A. HEWEY**<br>DRUMMOND WOODSUM &<br>MACMAHON<br>84 MARGINAL WAY<br>SUITE 600<br>PORTLAND, ME 04101<br>207−772−1941<br>Email: mhewey@dwmlaw.com<br>*ATTORNEY TO BE NOTICED* |

**Amicus**

| | | |
|---|---|---|
| **MILES RAPOPORT** | represented by | **DONALD K. SHERMAN**<br>(See above for address)<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |

**JOHN BRENT HILL**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**MELISSA A. HEWEY**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**BEN YSURSA**                          represented by   **DONALD K. SHERMAN**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JOHN BRENT HILL**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**MELISSA A. HEWEY**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**JOAN ANDERSON GROWE**                 represented by   **DONALD K. SHERMAN**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JOHN BRENT HILL**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**MELISSA A. HEWEY**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**JOHN GALE**                           represented by   **DONALD K. SHERMAN**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JOHN BRENT HILL**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**MELISSA A. HEWEY**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**PHIL KEISLING**                        represented by    **DONALD K. SHERMAN**
                                                           (See above for address)
                                                           *PRO HAC VICE*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **JOHN BRENT HILL**
                                                           (See above for address)
                                                           *PRO HAC VICE*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **MELISSA A. HEWEY**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Amicus**

**KATHY BOOCKVAR**                       represented by    **DONALD K. SHERMAN**
                                                           (See above for address)
                                                           *PRO HAC VICE*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **JOHN BRENT HILL**
                                                           (See above for address)
                                                           *PRO HAC VICE*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **MELISSA A. HEWEY**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Amicus**

**LEIGH CHAPMAN**                        represented by    **MELISSA A. HEWEY**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Amicus**

**SAM REED**                             represented by    **DONALD K. SHERMAN**
                                                           (See above for address)
                                                           *PRO HAC VICE*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **JOHN BRENT HILL**
                                                           (See above for address)
                                                           *PRO HAC VICE*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **MELISSA A. HEWEY**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

| | | |
|---|---|---|
| **FORMER EMPLOYEES OF THE U.S. DEPARTMENT OF JUSTICE** | represented by | **NOAH B. BOKAT−LINDELL** |

O'MELVENY & MYERS LLP
1625 EYE ST NW
WASHINGTON, DC 20006
202−383−5300
Fax: 202−383−5414
Email: nbokat−lindell@omm.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**WALTER F. MCKEE**
MCKEE LAW LLC PA
133 STATE STREET
AUGUSTA, ME 04330
207−620−8294
Email: wmckee@mckeemorgan.com
*ATTORNEY TO BE NOTICED*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 09/16/2025 | 1 | COMPLAINT against SHENNA BELLOWS and STATE OF MAINE, filed by UNITED STATES OF AMERICA. (Service of Process Deadline 12/15/2025) (Attachments: # 1 Exhibit 1: July 24, 2205 DOJ Letter, # 2 Exhibit 2: August 8, 2025 SOS Letter, # 3 Exhibit 3: August 18, 2025 DOJ Letter)(lcb) Modified on 9/17/2025 to add State of Maine (lcb). (Entered: 09/17/2025) |
| 09/16/2025 | 2 | CIVIL COVER SHEET. (lcb) (Entered: 09/17/2025) |
| 09/17/2025 | 3 | \*\*\*FILED IN ERROR\*\*\* Summons Issued as to SHENNA BELLOWS and STATE OF MAINE. <br><br>**Counsel shall print the embossed summons and effect service in the manner in accordance with Fed.R.Civ.P.4.** <br><br>Note−If you are using Version 6 of Adobe Acrobat, be sure the PRINT WHAT field is set to DOCUMENTS AND COMMENTS (Click File, then Print to check this setting). <br><br>(Attachments: # 1 Summons for State of Maine)(lcb) Modified on 9/17/2025 to add State of Maine (lcb). Modified on 9/18/2025 to indicated filed in error (lcb). (Entered: 09/17/2025) |
| 09/18/2025 | 4 | Corrected Summonses Issued as to SHENNA BELLOWS, STATE OF MAINE. |

| | | |
|---|---|---|
| | | **Counsel shall print the embossed summons and effect service in the manner in accordance with Fed.R.Civ.P.4.**<br><br>**Note−If you are using Version 6 of Adobe Acrobat, be sure the PRINT WHAT field is set to DOCUMENTS AND COMMENTS (Click File, then Print to check this setting).**<br><br>(Attachments: # 1 Summons for State of Maine)(lcb) (Entered: 09/18/2025) |
| 09/18/2025 | 5 | MOTION TO SHOW CAUSE why Defendants have failed to produce the demanded records. by UNITED STATES OF AMERICA Responses due by 10/9/2025. (Attachments: # 1 Supplement Memorandum in Support of Motion to Show Cause, # 2 Exhibit 1, DOJ Letter 8/18, # 3 Exhibit 2, SOS Letter 8/8, # 4 Exhibit 3, DOJ Letter 7/24, # 5 Supplement Declaration Letter)(VANDENBERG, DAVID) Modified on 9/19/2025 to clean up duplicative exhibit text (clp). (Entered: 09/18/2025) |
| 09/19/2025 | 6 | RETURN OF SERVICE by UNITED STATES OF AMERICA re 1 Complaint. (VANDENBERG, DAVID) Modified on 9/22/2025 to clean up entry text (nrg). (Entered: 09/19/2025) |
| 09/22/2025 | | SET Answer Deadline for SHENNA BELLOWS and STATE OF MAINE per ECF No. 6: Answer due by 10/10/2025. (nrg) (Entered: 09/22/2025) |
| 09/22/2025 | 7 | NOTICE of Appearance by JONATHAN R. BOLTON on behalf of SHENNA BELLOWS, STATE OF MAINE (BOLTON, JONATHAN) (Entered: 09/22/2025) |
| 09/22/2025 | 8 | NOTICE of Appearance by JASON ANTON on behalf of SHENNA BELLOWS, STATE OF MAINE (ANTON, JASON) (Entered: 09/22/2025) |
| 09/23/2025 | 9 | NOTICE of Hearing: Conference of Counsel set for 9/26/2025 08:30 AM in VIDEO HEARING before MAGISTRATE JUDGE KAREN FRINK WOLF. (nrg) (Entered: 09/23/2025) |
| 09/23/2025 | 10 | MOTION to Intervene *as Defendants and Memorandum in Support* by John Schneck, Marpheen Chann Responses due by 10/14/2025. (Attachments: # 1 Exhibit Ex. A, # 2 Exhibit Ex. B, # 3 Exhibit Ex. C, # 4 Exhibit Ex. D)(MONTELEONE, JAMES) (Entered: 09/23/2025) |
| 09/23/2025 | 11 | CERTIFICATION for Admission Pro Hac Vice of Branden D. Lewiston filed by JAMES G. MONTELEONE on behalf of Marpheen Chann, John Schneck (Total admission fee $200 receipt number AMEDC−3175300) The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (MONTELEONE, JAMES) Modified on 9/24/2025 to insert payment information (lrt). (Entered: 09/23/2025) |
| 09/23/2025 | 12 | CERTIFICATION for Admission Pro Hac Vice of Christopher D. Dodge filed by JAMES G. MONTELEONE on behalf of Marpheen Chann, John Schneck (Total admission fee $ 200 receipt number AMEDC−3175300.) The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (Attachments: # 1 Attachment)(MONTELEONE, JAMES) (Entered: 09/23/2025) |

| | | |
|---|---|---|
| 09/23/2025 | 13 | CERTIFICATION for Admission Pro Hac Vice of Elisabeth Frost filed by JAMES G. MONTELEONE on behalf of Marpheen Chann, John Schneck (Total admission fee $ 200 receipt number AMEDC−3175302.) The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (Attachments: # 1 Attachment)(MONTELEONE, JAMES) (Entered: 09/23/2025) |
| 09/23/2025 | 14 | CERTIFICATION for Admission Pro Hac Vice of Tori Shaw filed by JAMES G. MONTELEONE on behalf of Marpheen Chann, John Schneck (Total admission fee $ 200 receipt number AMEDC−3175304.) The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (MONTELEONE, JAMES) (Entered: 09/23/2025) |
| 09/24/2025 | 15 | NOTICE of APPROVAL by Clerk's Office re 11 Certification for Admission Pro Hac Vice,, 12 Certification for Admission Pro Hac Vice,, 14 Certification for Admission Pro Hac Vice,, 13 Certification for Admission Pro Hac Vice,, Attorney BRANDEN D. LEWISTON,CHRISTOPHER D. DODGE,ELISABETH C. FROST,TORI D. SHAW for Marpheen Chann,BRANDEN D. LEWISTON,CHRISTOPHER D. DODGE,ELISABETH C. FROST,TORI D. SHAW for John Schneck added to this specific case only. <br><br>Maine has transitioned to the NextGen ECF filing system; therefore, to complete the admissions process, Attorney Dodge and Shaw must register for a PACER account and/or request the appropriate e−filing rights in the District of Maine via PACER at www.pacer.uscourts.gov by 10/1/2025. NOTE: Counsel appearing Pro Hac Vice MUST click on the PRO HAC VICE link when requesting e−filing rights via PACER. For more details on NextGen/PACER go to our website at www.med.uscourts.gov. (lrt) (Entered: 09/24/2025) |
| 09/24/2025 | 16 | NOTICE of Appearance by MICHAEL GATES on behalf of All Plaintiffs (GATES, MICHAEL) (Entered: 09/24/2025) |
| 09/26/2025 | 17 | On September 26, 2025, I held a Conference of Counsel with Attorneys Gates, Vandenberg, Bolton, Anton, Dodge, Lewiston, Frost, Shaw, and Monteleone. After hearing from the parties, I ORDERED that they file a joint status report by October 10, 2025, updating the Court regarding the procedural path for this matter going forward. By MAGISTRATE JUDGE KAREN FRINK WOLF: (Court Reporter: Lori Dunbar) (BRF) (Entered: 09/26/2025) |
| 09/26/2025 | | SET Deadlines Regarding Conference of Counsel and per ECF No. 17: Status Report due by 10/10/2025. (nrg) (Entered: 09/26/2025) |
| 09/29/2025 | 18 | MOTION to Intervene *as Defendant* by League of Women Voters of Maine Responses due by 10/20/2025. (Attachments: # 1 Exhibit Proposed Answer, # 2 Affidavit Jill M. Ward Declaration, # 3 Affidavit Sarah Stadler Declaration, # 4 Affidavit Patricia Sprague Declaration)(TOWNSEND, ALLAN) (Entered: 09/29/2025) |
| 09/29/2025 | 19 | RULE 7.1 DISCLOSURE STATEMENT by League of Women Voters of Maine. (TOWNSEND, ALLAN) (Entered: 09/29/2025) |
| 09/29/2025 | 20 | |

| | | |
|---|---|---|
| | | CERTIFICATION for Admission Pro Hac Vice of Alexis Grady filed by ALLAN K. TOWNSEND on behalf of League of Women Voters of Maine The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (TOWNSEND, ALLAN) (Entered: 09/29/2025) |
| 09/29/2025 | 21 | CERTIFICATION for Admission Pro Hac Vice of Robert Brent Ferguson filed by ALLAN K. TOWNSEND on behalf of League of Women Voters of Maine The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (TOWNSEND, ALLAN) (Entered: 09/29/2025) |
| 09/29/2025 | 22 | CERTIFICATION for Admission Pro Hac Vice of Daniel S. Lenz filed by ALLAN K. TOWNSEND on behalf of League of Women Voters of Maine The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (TOWNSEND, ALLAN) (Entered: 09/29/2025) |
| 09/29/2025 | 23 | CERTIFICATION for Admission Pro Hac Vice of Heather Szilagyi filed by ALLAN K. TOWNSEND on behalf of League of Women Voters of Maine The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (TOWNSEND, ALLAN) (Entered: 09/29/2025) |
| 09/29/2025 | 24 | CERTIFICATION for Admission Pro Hac Vice of Katherine Hamilton filed by ALLAN K. TOWNSEND on behalf of League of Women Voters of Maine The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (TOWNSEND, ALLAN) (Entered: 09/29/2025) |
| 09/29/2025 | 25 | CERTIFICATION for Admission Pro Hac Vice of Renata O'Donnell filed by ALLAN K. TOWNSEND on behalf of League of Women Voters of Maine The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (TOWNSEND, ALLAN) (Entered: 09/29/2025) |
| 09/29/2025 | 26 | CERTIFICATION for Admission Pro Hac Vice of Sejal Jhaveri filed by ALLAN K. TOWNSEND on behalf of League of Women Voters of Maine The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (TOWNSEND, ALLAN) (Entered: 09/29/2025) |
| 09/30/2025 | | Set Deadlines : Fee for the Certifications for Admissions Pro Hac Vice (ECF Nos. 20–26) due by 9/30/2025. (lrt) (Entered: 09/30/2025) |
| 09/30/2025 | | Pro Hac Vice Fee Received from Alexis Grady, Robert Brent Ferguson, Daniel S. Lenz, Heather Szilagyi, Katherine Hamilton, Renata O'Donnell, and Sejal Jhaveri. Amount Paid: $1,400. Receipt Number: 4523. Method of Payment: Credit Card. |

| | | |
|---|---|---|
| | | Purpose of Payment: Pro Hac Vice Fee. Date Paid: 9/30/25 (slg) (Entered: 09/30/2025) |
| 09/30/2025 | 27 | NOTICE of APPROVAL by Clerk's Office re 20 Certification for Admission Pro Hac Vice, 25 Certification for Admission Pro Hac Vice, 24 Certification for Admission Pro Hac Vice, 26 Certification for Admission Pro Hac Vice, 21 Certification for Admission Pro Hac Vice, 22 Certification for Admission Pro Hac Vice, 23 Certification for Admission Pro Hac Vice, Attorney ALEXIS GRADY,ROBERT BRENT FERGUSON,DANIEL S. LENZ,HEATHER S. SZILAGYI,KATHERINE S. HAMILTON,RENATA S. O'DONNELL,SEJAL S. JHAVERI for League of Women Voters of Maine added to this specific case only.<br><br>Maine has transitioned to the NextGen ECF filing system; therefore, to complete the admissions process, Attorney Grady, Ferguson, Lenz, Szilagyi, Hamilton, O'Donnell, and Jhaveri must register for a PACER account and/or request the appropriate e−filing rights in the District of Maine via PACER at www.pacer.uscourts.gov by 10/7/2025. NOTE: Counsel appearing Pro Hac Vice MUST click on the PRO HAC VICE link when requesting e−filing rights via PACER. For more details on NextGen/PACER go to our website at www.med.uscourts.gov. (lrt) (Entered: 09/30/2025) |
| 09/30/2025 | 28 | NOTICE/CORRESPONDENCE Re: Nonconsent to Jurisdiction of Magistrate Judge by UNITED STATES OF AMERICA (VANDENBERG, DAVID) (Entered: 09/30/2025) |
| 10/01/2025 | 29 | Unopposed MOTION to Stay *for Lack of Appropriations* by UNITED STATES OF AMERICA Responses due by 10/22/2025. (VANDENBERG, DAVID) (Entered: 10/01/2025) |
| 10/02/2025 | | Case Reassigned to JUDGE LANCE E. WALKER. MAGISTRATE JUDGE KAREN FRINK WOLF reassigned as referral judge. (nrg) (Entered: 10/02/2025) |
| 10/02/2025 | 30 | ORDER granting 29 Motion to Stay. By MAGISTRATE JUDGE KAREN FRINK WOLF. (WOLF, KAREN) (Entered: 10/02/2025) |
| 10/22/2025 | 31 | CERTIFICATION for Admission Pro Hac Vice of M. Eileen O'Connor filed by ALLAN K. TOWNSEND on behalf of LEAGUE OF WOMEN VOTERS OF MAINE The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (TOWNSEND, ALLAN) (Entered: 10/22/2025) |
| 10/22/2025 | 32 | CERTIFICATION for Admission Pro Hac Vice of Andrew Garber filed by ALLAN K. TOWNSEND on behalf of LEAGUE OF WOMEN VOTERS OF MAINE The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (TOWNSEND, ALLAN) (Entered: 10/22/2025) |
| 10/22/2025 | | Set Deadlines : Filing Fee for Certification Admission Pro Hac Vice (ECF Nos. 31−32) due by 10/23/2025. (lrt) (Entered: 10/22/2025) |
| 10/22/2025 | | Filing Fee Received from LEAGUE OF WOMEN VOTERS OF MAINE: Amount Paid: $400.00. Receipt Number: 5542. Method of Payment: Credit Card. Purpose of Payment: Pro Hac Vice Admission Fee. Date Paid: October 22, 2025 (clp) (Entered: |

| | | 10/22/2025) |
|---|---|---|
| 10/22/2025 | 33 | NOTICE of APPROVAL by Clerk's Office re 31 Certification for Admission Pro Hac Vice, 32 Certification for Admission Pro Hac Vice, Attorney MAURA EILEEN O'CONNOR,ANDREW B. GARBER for LEAGUE OF WOMEN VOTERS OF MAINE added to this specific case only.<br><br>Maine has transitioned to the NextGen ECF filing system; therefore, to complete the admissions process, Attorney O'Connor and Garber must register for a PACER account and/or request the appropriate e−filing rights in the District of Maine via PACER at www.pacer.uscourts.gov by 10/29/2025. NOTE: Counsel appearing Pro Hac Vice MUST click on the PRO HAC VICE link when requesting e−filing rights via PACER. For more details on NextGen/PACER go to our website at www.med.uscourts.gov. (lrt) (Entered: 10/22/2025) |
| 11/21/2025 | 34 | NOTICE/CORRESPONDENCE Re: Congressional Funding for the U.S. Department of Justice and Request to Lift Stay by UNITED STATES OF AMERICA (VANDENBERG, DAVID) (Entered: 11/21/2025) |
| 11/21/2025 | 35 | STATUS REPORT *and Motion to Modify Briefing Schedules* by UNITED STATES OF AMERICA. (VANDENBERG, DAVID) (Entered: 11/21/2025) |
| 11/21/2025 | 36 | JOINT MOTION to Modify Briefing Schedule by UNITED STATES OF AMERICA. NO PDF attached to this entry. To view document see ECF No. 35 . (clp) (Entered: 11/21/2025) |
| 11/21/2025 | 37 | ORDER re 34 Notice/Correspondence filed by UNITED STATES OF AMERICA. The stay of this case is lifted. By MAGISTRATE JUDGE KAREN FRINK WOLF. (WOLF, KAREN) (Entered: 11/21/2025) |
| 11/21/2025 | 38 | ORDER granting 36 Motion to Modify Briefing Schedule. Plaintiff will file its opposition to motions to intervene (ECF Nos. 10 and 18) by November 25, 2025. The proposed intervenors will file any reply memoranda by December 8, 2025. Defendant and any approved intervenors will file their answers or other responses to the Complaint and their oppositions to the motion to show cause (ECF No. 5) by December 12, 2025. Plaintiff will respond to any motion(s) to dismiss by January 2, 2026. Plaintiff will file any reply in further support of ECF No. 5 by January 2, 2026. Defendant and any approved intervenors will file any reply memoranda in support of any motions to dismiss by January 16, 2026. By MAGISTRATE JUDGE KAREN FRINK WOLF. (WOLF, KAREN) (Entered: 11/21/2025) |
| 11/24/2025 | | Reset Deadlines per Order no. 38: Plaintiff will file its opposition to motions to intervene (ECF Nos. 10 and 18) by November 25, 2025. The proposed intervenors will file any reply memoranda by December 8, 2025. Defendant and any approved intervenors will file their answers or other responses to the Complaint and their oppositions to the motion to show cause (ECF No. 5) by December 12, 2025. Plaintiff will respond to any motion(s) to dismiss by January 2, 2026. Plaintiff will file any reply in further support of ECF No. 5 by January 2, 2026. Defendant and any approved intervenors will file any reply memoranda in support of any motions to dismiss by January 16, 2026. (clp) (Entered: 11/24/2025) |
| 11/25/2025 | 39 | RESPONSE to Motion re 10 MOTION to Intervene *as Defendants and Memorandum in Support*, 18 MOTION to Intervene *as Defendant* filed by UNITED STATES OF AMERICA. Reply due by 12/9/2025. (VANDENBERG, DAVID) (Entered: 11/25/2025) |

| | | |
|---|---|---|
| 11/26/2025 | | Reset Deadlines as to 10 MOTION to Intervene *as Defendants and Memorandum in Support* per order no. 38: Reply due by 12/8/2025. (clp) (Entered: 11/26/2025) |
| 11/26/2025 | | Reset Deadlines as to 18 MOTION to Intervene *as Defendant* per order no. 38: Reply due by 12/8/2025. (clp) (Entered: 11/26/2025) |
| 12/03/2025 | 40 | MOTION for Leave to File *Reply Brief in Support of Motion to Intervene That Exceeds Page Limit* by LEAGUE OF WOMEN VOTERS OF MAINE Responses due by 12/26/2025. (TOWNSEND, ALLAN) (Entered: 12/03/2025) |
| 12/05/2025 | 41 | ORDER granting 40 Motion for Leave to File Reply Brief in Support of Motion to Intervene That Exceeds Page Limit. By JUDGE LANCE E. WALKER. (slg) (Entered: 12/05/2025) |
| 12/08/2025 | 42 | REPLY to Response to Motion re 10 MOTION to Intervene *as Defendants and Memorandum in Support* filed by MARPHEEN CHANN, JOHN SCHNECK. (FROST, ELISABETH) (Entered: 12/08/2025) |
| 12/08/2025 | 43 | REPLY to Response to Motion re 18 MOTION to Intervene *as Defendant* filed by LEAGUE OF WOMEN VOTERS OF MAINE. (TOWNSEND, ALLAN) (Entered: 12/08/2025) |
| 12/08/2025 | 44 | Unopposed MOTION for Leave to File *Memoranda of Law Exceeding the Page Limits in LR 7(d)(1)* by SHENNA BELLOWS, STATE OF MAINE Responses due by 12/29/2025. (BOLTON, JONATHAN) (Entered: 12/08/2025) |
| 12/09/2025 | 45 | ORDER granting 44 Unopposed Motion for Leave to File Memoranda of Law Exceeding the Page Limits in LR 7(d)(1). By JUDGE LANCE E. WALKER. (slg) (Entered: 12/09/2025) |
| 12/09/2025 | 46 | NOTICE/CORRESPONDENCE Re: Supplemental Authority by MARPHEEN CHANN, JOHN SCHNECK (Attachments: # 1 Exhibit 1 − United States v. Benson)(FROST, ELISABETH) (Entered: 12/09/2025) |
| 12/10/2025 | 47 | NOTICE/CORRESPONDENCE Re: Response to Notice of Supplemental Authority (ECF 46) by LEAGUE OF WOMEN VOTERS OF MAINE (LENZ, DANIEL) (Entered: 12/10/2025) |
| 12/11/2025 | 48 | NOTICE/CORRESPONDENCE Re: Plaintiff's Change in Position by MARPHEEN CHANN, JOHN SCHNECK (FROST, ELISABETH) (Entered: 12/11/2025) |
| 12/12/2025 | 49 | ORDER granting 10 Motion to Intervene as Defendants by John Schneck and Marpheen Chann. By JUDGE LANCE E. WALKER. (slg) (Entered: 12/12/2025) |
| 12/12/2025 | 50 | NOTICE/CORRESPONDENCE Re: Plaintiff's Change in Position on Intervention by LEAGUE OF WOMEN VOTERS OF MAINE (O'DONNELL, RENATA) (Entered: 12/12/2025) |
| 12/12/2025 | 51 | ORDER granting 18 Motion to Intervene as Defendant by League of Women Voters of Maine. By JUDGE LANCE E. WALKER. (slg) (Entered: 12/12/2025) |
| 12/12/2025 | 52 | RESPONSE in Opposition re 5 MOTION TO SHOW CAUSE why Defendants have failed to produce the demanded records. filed by LEAGUE OF WOMEN VOTERS OF MAINE. Reply due by 12/26/2025. (Attachments: # 1 Exhibit A)(JHAVERI, SEJAL) (Entered: 12/12/2025) |
| 12/12/2025 | 53 | |

| | | |
|---|---|---|
| | | MOTION to Dismiss by LEAGUE OF WOMEN VOTERS OF MAINE Responses due by 1/2/2026. (Attachments: # 1 Exhibit Ex. A − Sept. 8, 2025 Letter)(GRADY, ALEXIS) (Entered: 12/12/2025) |
| 12/12/2025 | 54 | MOTION to Dismiss for Failure to State a Claim by SHENNA BELLOWS, STATE OF MAINE Responses due by 1/2/2026. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(BOLTON, JONATHAN) (Entered: 12/12/2025) |
| 12/12/2025 | 55 | RESPONSE in Opposition re 5 MOTION TO SHOW CAUSE why Defendants have failed to produce the demanded records. filed by SHENNA BELLOWS, STATE OF MAINE. Reply due by 12/26/2025. (Attachments: # 1 Declaration of Julie Flynn, # 2 Declaration of Katherine McBrien, # 3 Exhibit A to Katherine McBrien Declaration, # 4 Exhibit B to Katherine McBrien Declaration, # 5 Exhibit C to Katherine McBrien Declaration)(BOLTON, JONATHAN) (Entered: 12/12/2025) |
| 12/12/2025 | 56 | Unopposed MOTION for Leave to File *Amicus Curiae Brief* by ACLU of Maine Responses due by 1/2/2026. (Attachments: # 1 Exhibit Exh.1 (Proposed Amicus Brief))(HEIDEN, ZACHARY) (Entered: 12/12/2025) |
| 12/12/2025 | 57 | CERTIFICATION for Admission Pro Hac Vice of Patricia J. Yan filed by ZACHARY L. HEIDEN on behalf of ACLU of Maine (Total admission fee $ 200 receipt number AMEDC−3219168.) The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (HEIDEN, ZACHARY) (Entered: 12/12/2025) |
| 12/12/2025 | 58 | CERTIFICATION for Admission Pro Hac Vice of Sophia Lin Lakin filed by ZACHARY L. HEIDEN on behalf of ACLU of Maine (Total admission fee $ 200 receipt number AMEDC−3219169.) The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (HEIDEN, ZACHARY) (Entered: 12/12/2025) |
| 12/12/2025 | 59 | CERTIFICATION for Admission Pro Hac Vice of Theresa J. Lee filed by ZACHARY L. HEIDEN on behalf of ACLU of Maine (Total admission fee $ 200 receipt number AMEDC−3219170.) The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (HEIDEN, ZACHARY) (Entered: 12/12/2025) |
| 12/12/2025 | 60 | CERTIFICATION for Admission Pro Hac Vice of Jonathan Topaz filed by ZACHARY L. HEIDEN on behalf of ACLU of Maine (Total admission fee $ 200 receipt number AMEDC−3219171.) The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (HEIDEN, ZACHARY) (Entered: 12/12/2025) |
| 12/12/2025 | 61 | MOTION to Dismiss by MARPHEEN CHANN, JOHN SCHNECK Responses due by 1/2/2026. (FROST, ELISABETH) (Entered: 12/12/2025) |
| 12/12/2025 | 62 | |

| | | |
|---|---|---|
| | | RESPONSE in Opposition re 5 MOTION TO SHOW CAUSE why Defendants have failed to produce the demanded records. filed by MARPHEEN CHANN, JOHN SCHNECK. Reply due by 12/26/2025. (FROST, ELISABETH) (Entered: 12/12/2025) |
| 12/15/2025 | 63 | ORDER granting 56 Unopposed Motion for Leave to File Amicus Curiae Brief. By JUDGE LANCE E. WALKER. (slg) (Entered: 12/15/2025) |
| 12/15/2025 | 64 | NOTICE of APPROVAL by Clerk's Office re 57 Certification for Admission Pro Hac Vice, 60 Certification for Admission Pro Hac Vice, 58 Certification for Admission Pro Hac Vice, 59 Certification for Admission Pro Hac Vice, Attorney PATRICIA J. YAN, SOPHIA LIN LAKIN, THERESA J. LEE, JONATHAN J. TOPAZ for ACLU of Maine added to this specific case only. Maine has transitioned to the NextGen ECF filing system; therefore, to complete the admissions process, Attorneys PATRICIA J. YAN, SOPHIA LIN LAKIN, THERESA J. LEE, JONATHAN J. TOPAZ must register for a PACER account and/or request the appropriate e−filing rights in the District of Maine via PACER at www.pacer.uscourts.gov by 12/18/2025. NOTE: Counsel appearing Pro Hac Vice MUST click on the PRO HAC VICE link when requesting e−filing rights via PACER. For more details on NextGen/PACER go to our website at www.med.uscourts.gov. (slg) (Entered: 12/15/2025) |
| 12/16/2025 | 65 | BRIEF *Amicus Curiae in Support of Defendants' Motions to Dismiss* by ACLU of Maine. (HEIDEN, ZACHARY) (Entered: 12/16/2025) |
| 12/17/2025 | 66 | NOTICE of Appearance by CAROL GARVAN on behalf of ACLU of Maine (GARVAN, CAROL) (Entered: 12/17/2025) |
| 12/18/2025 | 67 | CERTIFICATION for Admission Pro Hac Vice of Virginia A. Williamson filed by PETER J. BRANN on behalf of Maryland Office of the Attorney General (Total admission fee $ 200 receipt number AMEDC−3222313.) The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (BRANN, PETER) (Entered: 12/18/2025) |
| 12/19/2025 | 68 | NOTICE of APPROVAL by Clerk's Office re 67 Certification for Admission Pro Hac Vice. Attorney VIRGINIA A WILLIAMSON for MARYLAND OFFICE OF THE ATTORNEY GENERAL added to this specific case only. Maine has transitioned to the NextGen ECF filing system; therefore, to complete the admissions process, Attorney Virginia A. Williamson must register for a PACER account and/or request the appropriate e−filing rights in the District of Maine via PACER at www.pacer.uscourts.gov by 12/23/2025. NOTE: Counsel appearing Pro Hac Vice MUST click on the PRO HAC VICE link when requesting e−filing rights via PACER. For more details on NextGen/PACER go to our website at www.med.uscourts.gov. (slg) (Entered: 12/19/2025) |
| 12/22/2025 | 69 | Unopposed MOTION for Leave to File *Amici Curiae Brief of Bipartisan Former State Secretaries of State in Support of Defendants' Motion to Dismiss* by MARY ESTILL BUCHANAN, MILES RAPOPORT, BEN YSURSA, JOAN ANDERSON GROWE, JOHN GALE, PHIL KEISLING, KATHY BOOCKVAR, LEIGH CHAPMAN, SAM REED Responses due by 1/12/2026. (Attachments: # 1 Exhibit A |

| | | |
|---|---|---|
| | | − Amicus Brief)(HEWEY, MELISSA) (Entered: 12/22/2025) |
| 12/22/2025 | | Reset Deadlines as to 5 MOTION TO SHOW CAUSE why Defendants have failed to produce the demanded records. Court closed on 12/26/2025: Reply due by 12/29/2025. (slg) (Entered: 12/22/2025) |
| 12/22/2025 | 70 | ORDER granting 69 Unopposed Motion for Leave to File Amici Curiae Brief of Bipartisan Former State Secretaries of State in Support of Defendants' Motion to Dismiss. By JUDGE LANCE E. WALKER. (slg) (Entered: 12/22/2025) |
| 12/22/2025 | 71 | CERTIFICATION for Admission Pro Hac Vice of Donald K. Sherman, John Brent Hill filed by MELISSA A. HEWEY on behalf of KATHY BOOCKVAR, MARY ESTILL BUCHANAN, JOHN GALE, JOAN ANDERSON GROWE, PHIL KEISLING, MILES RAPOPORT, SAM REED, BEN YSURSA (Total admission fee $ 400 receipt number AMEDC−3223437.) The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (Attachments: # 1 Admission PHV − JBH)(HEWEY, MELISSA) (Entered: 12/22/2025) |
| 12/22/2025 | 72 | BRIEF re 54 MOTION to Dismiss for Failure to State a Claim *Amici Curiae* by KATHY BOOCKVAR, MARY ESTILL BUCHANAN, LEIGH CHAPMAN, JOHN GALE, JOAN ANDERSON GROWE, PHIL KEISLING, MILES RAPOPORT, SAM REED, BEN YSURSA. (HEWEY, MELISSA) (Entered: 12/22/2025) |
| 12/22/2025 | 73 | NOTICE of APPROVAL by Clerk's Office re 71 Certification for Admission Pro Hac Vice. Attorneys DONALD K. SHERMAN and JOHN BRENT HILL for KATHY BOOCKVAR, MARY ESTILL BUCHANAN, JOHN GALE, JOAN ANDERSON GROWE, PHIL KEISLING, MILES RAPOPORT, SAM REED, and BEN YSURSA added to this specific case only.<br><br>Maine has transitioned to the NextGen ECF filing system; therefore, to complete the admissions process, Attorneys Donald K. Sherman and John Brent Hill must register for a PACER account and/or request the appropriate e−filing rights in the District of Maine via PACER at www.pacer.uscourts.gov by 12/31/2025. NOTE: Counsel appearing Pro Hac Vice MUST click on the PRO HAC VICE link when requesting e−filing rights via PACER. For more details on NextGen/PACER go to our website at www.med.uscourts.gov. (jgd) (Entered: 12/22/2025) |
| 12/23/2025 | 74 | MOTION for Leave to File *Amicus Brief* by MARYLAND OFFICE OF THE ATTORNEY GENERAL Responses due by 1/13/2026. (Attachments: # 1 Proposed Amicus Brief)(WILLIAMSON, VIRGINIA) (Entered: 12/23/2025) |
| 01/02/2026 | 75 | RESPONSE in Opposition re 54 MOTION to Dismiss for Failure to State a Claim , 53 MOTION to Dismiss , 61 MOTION to Dismiss filed by UNITED STATES OF AMERICA. Reply due by 1/16/2026. (Attachments: # 1 Exhibit Ex. 1 − Court Order (Crook))(VANDENBERG, DAVID) (Entered: 01/02/2026) |
| 01/05/2026 | | Reset Deadlines: Maine has transitioned to the NextGen ECF filing system; therefore, to complete the admissions process, Attorneys DONALD K. SHERMAN and JOHN BRENT HILL must register for a PACER account and/or request the appropriate e−filing rights in the District of Maine via PACER at www.pacer.uscourts.gov by 1/9/2026. NOTE: Counsel appearing Pro Hac Vice MUST click on the PRO HAC VICE link when requesting e−filing rights via PACER. For more details on NextGen/PACER go to our website at www.med.uscourts.gov. (slg) (Entered: |

| | | 01/05/2026) |
|---|---|---|
| 01/06/2026 | 76 | RESPONSE to 74 MOTION for Leave to File Amicus Brief by MARYLAND OFFICE OF THE ATTORNEY GENERAL (WILLIAMSON, VIRGINIA) Modified on 1/7/2026 to reflect this is response to ECF No. 74 (slg). (Entered: 01/06/2026) |
| 01/07/2026 | 77 | ORDER granting 74 Motion for Leave to File Amicus Brief. By JUDGE LANCE E. WALKER. (slg) (Entered: 01/07/2026) |
| 01/12/2026 | 78 | NOTICE/CORRESPONDENCE Re: Connecticut Order for Show−Cause Hearing Set by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit 1)(VANDENBERG, DAVID) (Entered: 01/12/2026) |
| 01/13/2026 | 79 | NOTICE/CORRESPONDENCE Re: Maine's Response to the United States's Notice (ECF No. 78) by SHENNA BELLOWS, STATE OF MAINE (Attachments: # 1 Exhibit A − CA Order Ex Parte Application., # 2 Exhibit B − CA Ex Parte Application)(BOLTON, JONATHAN) (Entered: 01/13/2026) |
| 01/13/2026 | 80 | NOTICE/CORRESPONDENCE Re: Intervenors John Schneck and Marpheen Chann's Response to the United States's Notice by MARPHEEN CHANN, JOHN SCHNECK (FROST, ELISABETH) (Entered: 01/13/2026) |
| 01/16/2026 | 81 | REPLY to Response to Motion re 61 MOTION to Dismiss filed by MARPHEEN CHANN, JOHN SCHNECK. (Attachments: # 1 Exhibit A − Order from U.S. v. Weber Granting Motion to Dismiss)(FROST, ELISABETH) (Entered: 01/16/2026) |
| 01/16/2026 | 82 | REPLY to Response to Motion re 53 MOTION to Dismiss filed by LEAGUE OF WOMEN VOTERS OF MAINE. (Attachments: # 1 Exhibit A − United States v. Weber Order)(JHAVERI, SEJAL) (Entered: 01/16/2026) |
| 01/16/2026 | 83 | REPLY to Response to Motion re 54 MOTION to Dismiss for Failure to State a Claim filed by SHENNA BELLOWS, STATE OF MAINE. (Attachments: # 1 Exhibit A)(BOLTON, JONATHAN) (Entered: 01/16/2026) |
| 01/22/2026 | 84 | NOTICE of Appearance by BRITTANY BENNETT on behalf of UNITED STATES OF AMERICA (BENNETT, BRITTANY) (Entered: 01/22/2026) |
| 01/23/2026 | 85 | NOTICE of Hearing on Motion re: 61 MOTION to Dismiss, 53 MOTION to Dismiss, 54 MOTION to Dismiss for Failure to State a Claim. Motion Hearing set for 3/26/2026 09:00 AM Portland Courtroom 1 before JUDGE LANCE E. WALKER. (slg) (Entered: 01/23/2026) |
| 01/29/2026 | 86 | NOTICE of Appearance by CHRISTOPHER J. GARDNER on behalf of UNITED STATES OF AMERICA (GARDNER, CHRISTOPHER) (Entered: 01/29/2026) |
| 01/30/2026 | 87 | Unopposed MOTION by Attorney David D. Vandenberg to Withdraw as Attorney by UNITED STATES OF AMERICA Responses due by 2/20/2026. (VANDENBERG, DAVID) (Entered: 01/30/2026) |
| 01/30/2026 | 88 | ORDER granting 87 Motion of Attorney Vandenberg to Withdraw as Counsel. By MAGISTRATE JUDGE KAREN FRINK WOLF. (WOLF, KAREN) (Entered: 01/30/2026) |
| 02/06/2026 | 89 | NOTICE/CORRESPONDENCE Re: Supplemental Authority by SHENNA BELLOWS, STATE OF MAINE (Attachments: # 1 Exhibit A − US v. Oregon)(BOLTON, JONATHAN) (Entered: 02/06/2026) |

| 02/20/2026 | 90 | CERTIFICATION for Admission Pro Hac Vice of Noah B. Bokat−Lindell filed by WALTER F. MCKEE on behalf of FORMER EMPLOYEES OF THE U.S. DEPARTMENT OF JUSTICE (Total admission fee $ 200 receipt number AMEDC−3251962.) The District of Maine is a CM/ECF NextGen Court. If PHV counsel has not previously been granted electronic filing rights with the District of Maine, PHV counsel will now need to submit a PRO HAC VICE request in this District via PACER at www.pacer.uscourts.gov (MCKEE, WALTER) (Entered: 02/20/2026) |
| --- | --- | --- |
| 02/20/2026 | 91 | Unopposed MOTION for Leave to File *Amici Curiae Brief* by FORMER EMPLOYEES OF THE U.S. DEPARTMENT OF JUSTICE Responses due by 3/13/2026. (MCKEE, WALTER) (Entered: 02/20/2026) |
| 02/20/2026 | 92 | NOTICE of APPROVAL by Clerk's Office re 90 Certification for Admission Pro Hac Vice. Attorney NOAH B BOKAT−LINDELL for FORMER EMPLOYEES OF THE U.S. DEPARTMENT OF JUSTICE added to this specific case only. Maine has transitioned to the NextGen ECF filing system; therefore, to complete the admissions process, Attorney Noah B. Bokat−Lindell must register for a PACER account and/or request the appropriate e−filing rights in the District of Maine via PACER at www.pacer.uscourts.gov by 2/25/2026. NOTE: Counsel appearing Pro Hac Vice MUST click on the PRO HAC VICE link when requesting e−filing rights via PACER. For more details on NextGen/PACER go to our website at www.med.uscourts.gov. (slg) (Entered: 02/20/2026) |
| 02/20/2026 | 93 | ORDER granting 91 Motion for Leave to File Amici Curiae Brief. By JUDGE LANCE E. WALKER. (slg) (Entered: 02/20/2026) |
| 02/20/2026 | 94 | BRIEF *of Amici Curiae* by FORMER EMPLOYEES OF THE U.S. DEPARTMENT OF JUSTICE. (MCKEE, WALTER) (Entered: 02/20/2026) |
| 03/12/2026 | 95 | MOTION Leave to Participate in Oral Argument *as Amicus Curiae* by ACLU OF MAINE Responses due by 4/2/2026. (HEIDEN, ZACHARY) (Entered: 03/12/2026) |
| 03/12/2026 | | Reset Deadlines as to 95 MOTION Leave to Participate in Oral Argument *as Amicus Curiae* per Judge Walker: Responses due by 3/19/2026. No reply permitted. (slg) (Entered: 03/12/2026) |
| 03/13/2026 | 96 | RESPONSE to Motion re 95 MOTION Leave to Participate in Oral Argument *as Amicus Curiae* filed by UNITED STATES OF AMERICA. Reply due by 3/27/2026. (BENNETT, BRITTANY) (Entered: 03/13/2026) |
| 03/16/2026 | 97 | NOTICE of Appearance by JAMES THOMAS TUCKER on behalf of UNITED STATES OF AMERICA (TUCKER, JAMES) (Entered: 03/16/2026) |
| 03/19/2026 | 98 | RESPONSE to Motion re 95 MOTION Leave to Participate in Oral Argument *as Amicus Curiae* filed by SHENNA BELLOWS, STATE OF MAINE. Reply due by 4/2/2026. (ANTON, JASON) (Entered: 03/19/2026) |
| 03/19/2026 | 99 | RESPONSE to Motion re 95 MOTION Leave to Participate in Oral Argument *as Amicus Curiae* filed by MARPHEEN CHANN, JOHN SCHNECK. Reply due by 4/2/2026. (FROST, ELISABETH) (Entered: 03/19/2026) |
| 03/19/2026 | 100 | RESPONSE to Motion re 95 MOTION Leave to Participate in Oral Argument *as Amicus Curiae* filed by LEAGUE OF WOMEN VOTERS OF MAINE. Reply due by 4/2/2026. (TOWNSEND, ALLAN) (Entered: 03/19/2026) |

| | | |
|---|---|---|
| 03/23/2026 | 101 | ORDER granting 95 Motion Leave to Participate in Oral Argument as Amicus Curiae. By JUDGE LANCE E. WALKER. (slg) (Entered: 03/23/2026) |
| 03/26/2026 | 102 | Minute Entry for proceedings held before JUDGE LANCE E. WALKER: Motion Hearing held re 54 MOTION to Dismiss for Failure to State a Claim filed by SHENNA BELLOWS, STATE OF MAINE, 53 MOTION to Dismiss filed by LEAGUE OF WOMEN VOTERS OF MAINE, 61 MOTION to Dismiss filed by MARPHEEN CHANN, JOHN SCHNECK. Motions taken under advisement. Order to issue. (Court Reporter: Lori Dunbar) (slg) (Entered: 03/26/2026) |
| 03/26/2026 | 103 | NOTICE/CORRESPONDENCE Re: Supplemental Authority by MARPHEEN CHANN, JOHN SCHNECK (FROST, ELISABETH) (Entered: 03/26/2026) |
| 03/27/2026 | 104 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings Oral Argument re: Motions to Dismiss held on March 26, 2026, before Judge Lance E. Walker. Court Reporter/Transcriber: Lori Dunbar, Telephone Number: (207) 749−4072. **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.med.uscourts.gov.** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Release of Transcript Restriction set for 6/25/2026. (DUNBAR, LORI) (Entered: 03/27/2026) |
| 04/03/2026 | 105 | NOTICE/CORRESPONDENCE Re: of Supplemental Authority by LEAGUE OF WOMEN VOTERS OF MAINE (Attachments: # 1 Exhibit A − Transcript of Hr'g, US v. Amore, No. 1:25−cv−639−MSM−PAS (D.R.I. Mar. 26, 2026), # 2 Exhibit B − March 31, 2026 Executive Order)(JHAVERI, SEJAL) (Entered: 04/03/2026) |
| 04/09/2026 | 106 | NOTICE/CORRESPONDENCE Re: Supplemental Authority by MARPHEEN CHANN, JOHN SCHNECK (Attachments: # 1 Exhibit A − Order, United States v. Galvin)(FROST, ELISABETH) (Entered: 04/09/2026) |
| 04/14/2026 | 107 | NOTICE/CORRESPONDENCE Re: Response to Dkt. 106 *Notice of Supplemental Authority* by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit 1 − Transcript of oral arguments)(TUCKER, JAMES) (Entered: 04/14/2026) |
| 04/14/2026 | 108 | NOTICE/CORRESPONDENCE Re: United States's Response to Notice of Supplemental Authority (ECF No. 107) by SHENNA BELLOWS, STATE OF MAINE (BOLTON, JONATHAN) (Entered: 04/14/2026) |
| 04/17/2026 | 109 | NOTICE/CORRESPONDENCE Re: Supplemental Authority by SHENNA BELLOWS, STATE OF MAINE (Attachments: # 1 Exhibit A − Memorandum and Order, United States v. Amore)(ANTON, JASON) (Entered: 04/17/2026) |
| 04/28/2026 | 110 | NOTICE/CORRESPONDENCE Re: Supplemental Authority by MARPHEEN CHANN, JOHN SCHNECK (Attachments: # 1 Exhibit A − Arizona Order)(FROST, ELISABETH) (Entered: 04/28/2026) |
| 05/01/2026 | 111 | NOTICE/CORRESPONDENCE Re: Response to Notice of Supplemental Authority Dkt. 110 by UNITED STATES OF AMERICA (BENNETT, BRITTANY) (Entered: 05/01/2026) |
| 05/15/2026 | 112 | |

| | | NOTICE/CORRESPONDENCE Re: Supplemental Authority to ECF 5 *(OLC Opinion)* by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit OLC Opinion)(TUCKER, JAMES) (Entered: 05/15/2026) |
|---|---|---|
| 05/15/2026 | 113 | NOTICE/CORRESPONDENCE Re: United States's Supplemental Authority (ECF No. 112) by MARPHEEN CHANN, JOHN SCHNECK (FROST, ELISABETH) (Entered: 05/15/2026) |
| 05/21/2026 | 114 | ORDER denying 5 Motion for Order to Show Cause; granting 53 Motion to Dismiss; granting 54 Motion to Dismiss for Failure to State a Claim; granting 61 Motion to Dismiss. By JUDGE LANCE E. WALKER. (slg) (Entered: 05/21/2026) |
| 05/21/2026 | 115 | JUDGMENT By DEPUTY CLERK: Stacey Graf. (slg) (Entered: 05/21/2026) |
| 06/05/2026 | 116 | NOTICE OF APPEAL as to 114 Order on Motion for Miscellaneous Relief 1, Order on Motion to Dismiss, Order on Motion to Dismiss for Failure to State a Claim, 115 Judgment by UNITED STATES OF AMERICA . <br><br> **NOTICE TO FILER:** A transcript Report/Order form MUST be completed and submitted to the First Circuit Court of Appeals. The form can be found under the Forms & Fees section on their website at https://www.ca1.uscourts.gov. <br><br> **NOTICE TO COUNSEL:** Counsel should register for a First Circuit CM/ECF Appellate Filer Account at https://pacer.psc.uscourts.gov. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at https://www.ca1.uscourts.gov/cmecf (TUCKER, JAMES) (Entered: 06/05/2026) |
| 06/08/2026 | 117 | APPEAL COVER SHEET Re: 116 Notice of Appeal. (cjd) (Entered: 06/08/2026) |
| 06/08/2026 | 118 | CLERK'S CERTIFICATE Re: 116 Notice of Appeal Documents sent to the U.S. Court of Appeals. (cjd) (Entered: 06/08/2026) |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

**APPEAL COVER SHEET**

| | |
|---|---|
| D.C. #  1:25-cv-00468-LEW | C.C.A. # |
| CASE TITLE: United States of America v. Shenna Bellows, et al | |
| Name of Counsel for Appellant(s): | Brittany E. Bennett, David D. Vandenberg, James Thomas Tucker, Michael Gates and Christopher Gardner |
| Name of Counsel for Appellee(s): | Jason Anton and Jonathan R. Bolton |
| Name of Judge: | Lance E. Walker, Chief U.S. District Judge |
| Court Reporter(s) & Dates: | March 26, 2026 - Lori Dunbar |
| Transcript Ordered? | ☒ Yes  ☐ No |
| Court Appointed Counsel? | ☐ Yes  ☒ No |
| Fee Paid? | ☐ Yes  ☒ No |
| In Forma Pauperis? | ☐ Yes  ☒ No |
| Motions Pending? | ☐ Yes  ☒ No |
| Guidelines Case? | ☐ Yes  ☒ No |
| Related Case on Appeal? | ☐ Yes  ☐ No |
| C. C. A. # (if available) | |
| Date of Last Appeal | |
| Special Comments: | |

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA )
)
v. ) CIVIL CASE NO.: 1:25-cv-00468-LEW
)
SHENNA BELLOWS, et al )

## CLERK'S CIVIL CERTIFICATE

I, Jennifer P. Lyons, Clerk of the United States District Court for the District of Maine,

hereby certify that the following are hereby electronically transmitted to the First Circuit Court of

Appeals and constitute the Abbreviated record on appeal:

Documents Numbered: 117 Appeal Cover Sheet
118 Clerk's Certificate
116 Notice of Appeal
115 Judgment
114 Order Denying Motion to Dismiss

I hereby certify that the record and docket sheet available through ECF to be the certified

record and docket entries. All non-electronic documents of record have been forwarded this date

with a copy of this Certificate.

Non-Electronic Documents: 5

Dated: *June 8, 2026.*

Jennifer P. Lyons, Clerk

By: /s/Cheryl Derrah
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHENNA BELLOWS, in her official capacity as the Secretary of State of Maine; and the STATE OF MAINE,<br><br>Defendants. | Case No: 1:25-cv-00468-LEW |

## NOTICE OF APPEAL

Plaintiff UNITED STATES OF AMERICA, by and through the Attorney General, appeals to the United States Court of Appeals for the First Circuit from this Court's Order denying the United States' Motion for an Order to Show Cause and granting Defendants' Motion to Dismiss and Intervenors' Motions to Dismiss (ECF 114) and final judgment (ECF 115) entered in this action on May 21, 2026.

Dated: June 5, 2026

Respectfully submitted:

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

JESUS A. OSETE
Principal Deputy Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section

ANDREW G. BRANIFF
Acting Chief, Appellate Section


*/s/ James Thomas Tucker*
TIMOTHY F. MELLETT
JAMES THOMAS TUCKER
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.923
Washington, D.C. 20530
Telephone: (202) 307-2767
Email: james.t.tucker@usdoj.gov

Attorneys for the United States of America

2

3

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2026, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

> _/s/ James Thomas Tucker_
> James Thomas Tucker

3

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA,    )
                                    )

    Plaintiff                )
                                    )

v.                             )    Civil No.  1:25-cv-00468-LEW
                                    )

SHENNA BELLOWS, et al.,     )
                                    )

    Defendants          )

## JUDGMENT OF DISMISSAL

In accordance with the Order entered by Chief U.S. District Judge Lance E. Walker, on

May 21, 2026;

JUDGMENT of Dismissal is hereby entered.

Jennifer P. Lyons, Clerk

By:    /s/ Stacey Graf
        Deputy Clerk

Dated: May 21, 2026

# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00468-LEW |
| | ) | |
| SHENNA BELLOWS, in her official capacity as Secretary of the State of Maine, and the STATE OF MAINE, | ) ) ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| LEAGUE OF WOMEN VOTERS OF MAINE, | ) ) | |
| | ) | |
| Defendant-Intervenors, | ) | |
| | ) | |
| JOHN SCHNECK and MARPHEEN CHANN, | ) ) | |
| | ) | |
| Defendant-Intervenors | ) | |

# **ORDER**

The United States filed this civil action to compel Defendants, the State of Maine and Secretary of State Shenna Bellows, to produce Maine's complete and unredacted computerized voter registration list. The matter is before the Court on the Motions to Dismiss of Defendants (ECF No. 54), Defendant-Intervenors John Schneck and Marpheen Chann (ECF No. 61), and Defendant-Intervenor League of Women Voters of Maine (ECF No. 53). Also before the Court is the United States' Motion for Order to Show Cause (ECF No. 5) why the requested records have not been produced.

Maine, along with many other states, historically have agreed to the Department of Justice's requests for access to their voter rolls.  *See*, *e.g.*, *United States v. Maine*, No. 1:06-cv-86, 2007 WL 1059565, at *5 (D. Me. Apr. 4, 2007) (consent decree providing the United States "an electronic copy of voter information from the CVR").  Comity between coequal sovereigns is the hallmark of a thrumming republic, so it should not surprise the reader, though in these days it likely will, to learn that federal government curiosity in state voter rolls would ordinarily be worked out through cooperation and negotiation in observance of the delicate balance of sovereign authorities, thereby avoiding a clash between sovereigns. The question before me now is whether the Department of Justice can compel the type of access it once enjoyed through consent, in the face of a state's refusal.  For the reasons that follow, I conclude it cannot.  The Motions to Dismiss are GRANTED and the United States' Motion for Order to Show Cause is DENIED.

## BACKGROUND

On July 24, 2025, a Deputy Assistant Attorney General from the Civil Rights Division of the U.S. Department of Justice sent a letter to Maine's Secretary of State requesting, among other information, "[t]he current electronic copy of Maine's computerized statewide voter registration list [(SVRL)] . . . as required by Section 303(a) of the Help America Vote Act," including "all fields contained within the list," "[p]ursuant to Section 20507(i) of the [National Voter Registration Act]."  Compl. Ex. 1 ("July 24 Letter") at 1 (ECF No. 1-1); *see also* Compl. ¶ 31.  The Help America Vote Act requires states to "implement . . . a single, uniform, official, centralized, interactive computerized statewide voter registration list" that "shall serve as the single system for storing and

2

managing the official list of registered voters throughout the State." <mark>52 U.S.C. § 21083(a)(1)(A), (A)(i)</mark>. To comply with this requirement, Maine created the "central voter registration system," which is the "single electronic information system and database for voter registration information maintained by the Secretary of State and used by all municipal jurisdictions." 21-A M.R.S. § 1(6-A). It includes each registered voter's full name, residential and mailing addresses, date of birth, most recent prior residential address, choice of political party, and election participation history. *See id*. §§ 152(1)-(2), 721. It also includes the voter's driver's license number, nondriver identification card number, or partial social security number, depending on which number the voter provided at registration. *Id*. § 152(1)-(2).

In addition to the demand for Maine's current computerized SVRL, the July 24 Letter also contained the following observations about Maine's responses to the Election Assistance Commission's election administration and voting survey:

- That Maine's voter registration rate in 2024 was 92.4 percent of the citizen voting age population;

- That Maine had 11,011 voters with duplicate registrations (or 3.5 percent), almost four times fewer than the national average (12.7 percent);

- That Maine had 101,771 voters (or 77.2 percent) removed for having moved outside the jurisdiction, more than twice the national average; and

- That data about Maine's confirmation notice mailings[1] was missing.

---

[1] The National Voter Registration Act outlines procedures for the identification of voters who may have changed residences, which include mailing notices to certain voters who (among other criteria) have not voted in the last two elections. *See* <mark>52 U.S.C. § 20507(b)-(e)</mark>.

*See* July 24 Letter at 2.  In connection with these observations, the letter requested information about the actions Maine takes to ensure that ineligible voters are being removed and Maine's processes for sending out and tracking confirmation notices.  *Id.*

On August 8, 2025, Secretary Bellows responded, refusing to provide the current computerized SVRL, contending that the request was "overbroad" and that the SVRL contains information protected as "highly sensitive" under Maine law.[2]  *See* Compl. Ex. 2 ("Resp. to July 24 Letter") at 1, 3 (ECF No. 1-2); *see also* Compl. ¶ 36.  That response also included the Secretary's answers to the July 24 Letter's questions about Maine's survey data, which the United States has alleged "did not provide sufficient details for the United States to evaluate compliance with [the Help America Vote Act] and the [National Voter Registration Act]."  Compl. ¶ 37; *see also id.* ¶¶ 38-46.

On August 18, 2025, the Department of Justice sent another letter to the Secretary, renewing its "request for Maine's voter registration list . . . to assess the State's compliance with the statewide voter registration list maintenance provisions of the National Voter Registration Act" and reiterating that "the electronic copy of the [SVRL] must contain all fields, including the registrant's full name, date of birth, residential address, his or her state driver's license number or the last four digits of the registrant's social security number as

---

[2] Maine law designates the central voter registration system as confidential and exempt from Maine's public records laws.  *See* 21-A M.R.S. § 196-A(1).  It gives the Secretary discretion to "make available" to government actors "certain voter information for that entity's authorized use only," specifically, "the voter's name, year of birth, residence address, mailing address, electoral districts, voter status, date of registration or date of the voter record if applicable, voter record number and any special designations indicating uniformed service voters, overseas voters, or township voters."  *Id.* § 196-A(1)(E).  Defendants contend that this "authority does not extend to bulk disclosure of sensitive [personal identifying information] like full date of birth, social security number, and driver's license number."  Defs. Mot. to Dismiss at 4.

required under the Help America Vote Act . . . to register individuals for federal elections." Compl. Ex. 3 ("August 18 Letter") at 1 (ECF No. 1-3); *see also* Compl. ¶¶ 47-50. The letter explained that the request was an exercise of the United States Attorney General's authority under the National Voter Registration Act, the Help America Vote Act, and Title III of the Civil Rights Act of 1960. August 18 Letter at 1-2. Of note, Title III requires states to make certain election records and papers[3] available to the United States Attorney General upon a written demand that includes "a statement of the basis and the purpose therefor," 52 U.S.C. § 20703, which the Department of Justice asserted was contained in "our letter dated July 24, 2025 . . . namely, to assist in our determination of whether Maine's list maintenance program complies with the [National Voter Registration Act]."[4] August 18 Letter at 2.

The Secretary responded to the August 18 Letter on September 8, 2025, again refusing to provide the unredacted computerized SVRL. Compl. ¶ 51. A week later, the United States filed this lawsuit, alleging violations of the National Voter Registration Act, 52 U.S.C. § 20507(i) (Count I); the Help America Vote Act, *id*. § 21083 (Count II); and

---

[3] The "records and papers" terminology is specific to "records and papers which come into [the] possession [of state election officers] relating to any application, registration, payment of poll tax, or other act requisite to voting in [a federal] election." 52 U.S.C. § 20701.

[4] The August 18 Letter also demanded, in addition to the current computerized SVRL, "all original and completed voter registration applications submitted to the State of Maine from December 1, 2023, through July 1, 2025." August 18 Letter at 2. In response to this request, Secretary Bellows explained that, "under Maine law, original voter registration applications are maintained by registrars in each of Maine's roughly 480 municipalities." Ex. A to Defs. Mot. to Dismiss ("Resp. to August 18 Letter") at 3 (ECF No. 54-A) (citing 21-A M.R.S. § 172). Since August 18, the United States has shown no interest in these records, which, as far as I understand it, remain available to the United States should it wish to canvas Maine's town halls. This demand has gone completely unmentioned in both the Complaint and Motion for Order to Show Cause, which only seek to compel production of the current computerized SVRL.

Title III of the Civil Rights Act, *id*. § 20703 (Count III). The United States seeks an injunction ordering Defendants "to provide the United States the current electronic copy of Maine's computerized statewide voter registration list, with all fields, including each registrant's full name, date of birth, residential address, and either their state driver's license number, or the last four digits of their Social Security number as required by 52 U.S.C. § 20703." Compl. ¶ 65.D.

By now, nearly every state has received a request similar to the one at issue here. Many—including Maine—have declined, and as a result, the United States has initiated thirty lawsuits nearly identical to this one.[5] Six have been dismissed on motions similar to the ones before me now. *See United States v. Fontes,* – F. Supp. 3d –, 2026 WL 1177244 (D. Ariz. Apr. 28, 2026); *United States v. Amore,* – F. Supp. 3d –, 2026 WL 1040637 (D.R.I. Apr. 17, 2026); *United States v. Galvin,* – F. Supp. 3d –, 2026 WL 972129 (D. Mass. Apr. 9, 2026); *United States v. Benson,* – F. Supp. 3d –, 2026 WL 362789 (W.D. Mich. Feb. 10, 2026); *United States v. Oregon,* – F. Supp. 3d –, 2026 WL 318402 (D. Or. Feb. 5, 2026); *United States v. Weber,* 816 F. Supp. 3d 1168 (C.D. Cal. 2026).

## DISCUSSION

To avoid dismissal, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To determine whether a complaint "fail[s] to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), courts "separate the complaint's factual allegations (which must be taken

---

[5] *Justice Department Sues Five Additional States for Failure to Produce Voter Rolls*, U.S. Dep't of Justice Office of Public Affairs (Feb. 26, 2026), <https://www.justice.gov/opa/pr/justice-department-sues-five-additional-states-failure-produce-voter-rolls> (last viewed May 21, 2026).

as true) from its conclusory legal allegations (which need not be credited)," *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012).  The task is then to ascertain whether, "drawing all reasonable inferences in the pleader's favor," those "well-pled" factual allegations "plausibly narrate a claim for relief" under the law.  *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012).[6]

To understand the United States' claim for relief, a summary of the statutory backdrop is necessary.  That backdrop is comprised of the National Voter Registration Act (NVRA), the Help America Vote Act (HAVA), and Title III of the Civil Rights Act of 1960 (Title III).

The NVRA was enacted in 1993 "to establish procedures that will increase the number of eligible citizens who register to vote in elections for Federal office," 52 U.S.C. § 20501(b)(1), and "to ensure that accurate and current voter registration rolls are maintained," *id*. § 20501(b)(4).  In furtherance of those ends, the NVRA requires each state to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of—(A) the death of the

---

[6] Defendants, Defendant-Intervenors, and various *amici curiae* have repeatedly and loudly cast aspersions on the Department of Justice's reasons for seeking so many states' SVRLs.  The United States' representative at oral argument did his best to reassure all involved that requests like the one at issue here are routinely made by the Civil Rights Division and that states (including Maine) have complied in the past.  At the hearing, the United States' attorney was emphatic that "this whole notion that somehow there's going to be a national database . . . created from" the voter registration data the Department of Justice has been attempting to compile "is not true," and that "there is no national database that's being created."  Hr'g Tr. 51:3-7 (ECF No. 104).  His efforts to assuage these concerns were almost immediately undermined by the issuance of an executive order directing the Department of Homeland Security to compile a "State Citizenship List" in order to "assist in verifying identity and Federal election voter eligibility."  Exec. Order No. 14,399, 91 Fed. Reg. 17125 (Apr. 3, 2026) ("Ensuring Citizenship Verification and Integrity in Federal Elections").  Fortunately for the United States, this matter is before me on motions to dismiss, and under the applicable standard, the only facts that I consider are those contained in the United States' Complaint and its attachments, which I take as true.  *Morales-Cruz*, 676 F.3d at 224; *Schatz*, 669 F.3d at 55.

registrant; or (B) a change in the residence of the registrant[.]" *Id.* § 20507(a)(4). This program must be "uniform, nondiscriminatory, and in compliance with the Voting Rights Act of 1965," *id.* § 20507(b)(1), and cannot "result in the removal of the name of any person from the official list of voters registered to vote in an election for Federal office by reason of the person's failure to vote" unless the state follows certain procedures, *id.* § 20507(b)(2). The NVRA makes subject to public disclosure "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters[.]" *Id.* § 20507(i)(1). And it empowers both private parties, *see id.* § 20510(b)(2), and the Attorney General, *id.* § 20510(a), to "bring a civil action in an appropriate district court for . . . declaratory or injunctive relief," *id.*, in the event of a violation.

Following up on the NVRA, Congress passed the Help America Vote Act (HAVA), in 2002. As the United States explains, "HAVA imposes 'minimum requirements' for the conduct of federal elections, which 'allow the states to develop their own laws and procedures to fulfill the requirements' to the extent that they are consistent with the standards set by HAVA." Compl. ¶ 19 (quoting H.R. Rep. No. 107-329, pt. 1, at 35 (2001)). Thus, HAVA provides that:

> [E]ach State . . . shall implement, in a uniform and nondiscriminatory manner, a single, uniform, official, centralized, interactive computerized statewide voter registration list defined, maintained, and administered at the State level that contains the name and registration information of every legally registered voter in the State and assigns a unique identifier to each legally registered voter in the State[.]

52 U.S.C. § 21083(a)(1)(A). The computerized SVRL "shall serve as the single system for storing and managing the official list of registered voters" in that state.

8

*Id.* § 21083(a)(1)(A)(i). As explained above, the HAVA-mandated SVRL is what the United States seeks to compel Maine to produce.

HAVA also requires "[t]he appropriate State or local election official" to "perform list maintenance with respect to the computerized list on a regular basis." *Id.* § 21083(a)(2)(A)-(B). Similarly, HAVA requires states "to ensure that voter registration records in the State are accurate and updated regularly" by implementing "[a] system of file maintenance that makes a reasonable effort to remove registrants who are ineligible" and "[s]afeguards to ensure that eligible voters are not removed in error." *Id.* § 21083(a)(4)(A)-(B). HAVA also requires states to collect certain information from registrants through their applications, namely, the applicant's driver's license number or social security number, *see id.* § 21083(a)(5)(A)(i), which the state must take steps to verify, *see id.* § 21083(a)(5)(B). Finally, HAVA empowers the Attorney General to bring "a civil action against any State or jurisdiction . . . for such declaratory and injunctive relief . . . as may be necessary to carry out the uniform and nondiscriminatory election technology and administration requirements under sections 21081, 21082, 21083, and 21083a of this title." *Id.* §§ 21111.

The United States' primary argument in support of its claim to Maine's SVRL invokes a different statute entirely: Title III of the Civil Rights Act of 1960. Predating the NVRA and HAVA by several decades, Title III provides that "[e]very officer of election shall retain and preserve, for a period of twenty-two months from the date of any [federal] election . . . all records and papers which come into his possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such

9

election," and makes the failure to do so punishable by up to one year of imprisonment. 52 U.S.C. § 20701. Title III also provides that "[a]ny record or paper" subject to that preservation requirement "shall, upon demand in writing by the Attorney General or his representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying[.]"[7] *Id*. § 20703. The Attorney General's written demand must "contain a statement of the basis and the purpose therefor." *Id*. Title III also affords to the U.S. District Court "jurisdiction by appropriate process to compel the production of such record or paper." *Id*. § 20705.

The United States contends that each of these statutes requires Maine to make its unredacted, current computerized SVRL available to the Department of Justice. And even more pointedly, the United States contends that Title III's delegation of jurisdiction on this Court to compel production by appropriate process creates "a special statutory proceeding" for the summary disposition of its claim to the requested records. *See* Pl. Resp. at 8 (quoting *Kennedy v. Lynd*, 306 F.2d 222, 225 (5th Cir. 1962)), 9-11. Finding support from a 60-year-old Fifth Circuit decision, the United States argues that in this "special statutory proceeding," there is "no place for any other procedural device or maneuver—either before or during any hearing of the application—to ascertain the factual support for, or sufficiency of, the Attorney General's 'statement of the basis and the purpose therefor' as set forth in

---

[7] The United States points to the terms "reproduction" and "copying" to argue that it is entitled to the complete, unredacted SVRL. Pl. Resp. at 12. Interestingly, the NVRA frames its disclosure requirement in very similar terms, requiring states to "make [records] available for public inspection and, where available, photocopying at reasonable cost." 52 U.S.C. § 20507(i)(1). As discussed further below, however, the First Circuit nonetheless concluded that "nothing in the text of the NVRA prohibits the redaction of uniquely or highly sensitive personal information" in records subject to disclosure. *Public Interest Legal Foundation v. Bellows*, 92 F.4th 36, 56 (1st Cir. 2024).

the written demand" or to challenge "the reasons why the Attorney General considers the records essential." *Id*. at 9-10 (quoting *Lynd*, 306 F.2d at 226); *see also* Pl. Mem. Order to Show Cause at 8-9 (ECF No. 5-1). For reasons that follow, I conclude that this case presents something other than a perfunctory matter of compelling compliance with a clear statutory directive. In fact, carefully considered, this case lacks the statutory grounding needed to state a claim upon which relief may be granted.

Title III provides that the Court has "jurisdiction by appropriate process to compel the production" of covered records. 52 U.S.C. § 20705. The Supreme Court, interpreting identical language in a different statute two years after the Fifth Circuit decided *Lynd*, held that because that statute "contains no provision specifying the procedure to follow in invoking the court's jurisdiction, the Federal Rules of Civil Procedure apply." *United States v. Powell*, 379 U.S. 48, 58 n.18 (1964). Analogizing the United States' demand under Title III to an administrative subpoena, as district courts have done in similar cases, *see, e.g.*, *Benson*, 2026 WL 362789, at *7, Defendants, as the "subject of the subpoena," are entitled to "an opportunity to challenge the subpoena before yielding the information," and the Department of Justice must "prove that . . . the subpoena is issued for a congressionally authorized purpose" and that "the information sought is . . . relevant to the authorized purpose."[8] *United States v. Sturm, Ruger & Co.*, 84 F.3d 1, 3 (1st Cir. 1996).

---

[8] As far as I can tell, no district court has adopted the United States' view of *Lynd*'s "special statutory proceeding." *See Weber*, 816 F. Supp. 3d at 1182; *Oregon*, 2026 WL 1177244, at *8; *Benson*, 2026 WL 362789, at *7; *Amore*, 2026 WL 1040637, at *3-4; *Fontes*, 2026 WL 1177244, at *1 n.1. The United States has pointed to a show-cause order issued by the District of Connecticut in *United States v. Thomas*, No. 3:26-cv-21. *See* Pl. Notice re: Connecticut Order for Show-Cause Hearing (ECF No. 78). As Defendants and Defendant-Intervenors have observed, that order, which was issued *ex parte*, did little more than set a briefing schedule.

Turning to the substance of the United States's claim under Title III, I "start with the text of the statute itself." *See Teles de Menezes v. Rubio*, 156 F.4th 1, 12 (1st Cir. 2025) (internal citation omitted). At first glance, the language of Title III appears to be quite sweeping, requiring state election officers to "retain and preserve . . . all records and papers which come into [their] possession relating to any application, registration, payment of poll tax, or other act requisite to voting in [a federal] election," 52 U.S.C. § 20701, and then make any such "record or paper" available to the Attorney General "upon demand," *id.* § 20703. Words and phrases like "all," "any," and "relating to" are certainly expansive. But "[w]ords in a statute are not islands," and "must be read in their context and with a view to their place in the overall statutory scheme." *N.H. Lottery Comm'n v. Rosen*, 986 F.3d 38, 55 (1st Cir. 2021) (quoting *Food & Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000)). While I have little trouble accepting that Maine's SVRL "relat[es] to . . . act[s] requisite to voting," I do not believe that it can be fairly described as a record or paper that "comes into [the] possession" of Maine's election officers, as that phrase is most naturally construed. 52 U.S.C. § 20701; *see also Benson*, 2026 WL 362789, at *9-10; *Fontes*, 2026 WL 1177244, at *3-7.

Title III requires states to preserve certain categories of evidence for a specified time following an election, to allow the Attorney General to investigate and litigate wrongdoing in the conduct of that election.[9] *See* 52 U.S.C. § 20701. To that end, Title III's production and preservation requirements are addressed to "records and papers" that "come into [the]

---

[9] The legislative history that the United States cites in its opposition to Defendants' and Defendant-Intervenors' motions to dismiss supports this understanding. *See* Pl. Resp. at 8 n.2 (quoting H.R. Rep. 86-956 at 1944-45 (1960)).

possession" of the state election official. *Id.* It requires the preservation of those records and papers, *id.*, criminalizes their destruction or alteration, *id.* § 20702, and grants the Attorney General access to them, *id.* § 20703. In other words, the Civil Rights Act "is not designed to facilitate the disclosure of voter information," but rather to require "the disclosure of *documents*"—specifically, documents that come into the state's possession in connection with its elections. *Benson*, 2026 WL 362789, at *10 (original emphasis). "The phrase 'come into [their] possession' naturally refers to a process by which someone *acquires* an item from an external source." *Id.* at *9 (collecting authority); *see also Receive, Black's Law Dictionary* (12th ed. 2024) ("to come into possession of or get from some outside source"). Title III's commands therefore pertain to records and papers that election officials receive from prospective voters to support the exercise of the suffrage by the prospective voters, not lists or other tools created by election officials for the purpose of preserving the information provided by voters and ensuring that persons appearing to vote are registered.[10]  *See Benson*, 2026 WL 362789, at *9-10; *Fontes*, 2026 WL 1177244, at *3-7.

---

[10] The United States argues that state election officials "come into possession" of SVRLs "when they acquire them in the conduct of their official responsibilities, regardless of the information's source." Pl. Resp. to Notice of Supp. Auth. at 1 (ECF No. 111). Essentially, the United States argues that "come into [the election official's] possession" means "in the election official's possession." If that is the meaning Congress intended, however, this strikes me as an odd selection of words to convey it. "[C]ourts 'must give effect, if possible, to every clause and word of a statute,'" *Loughrin v. United States*, 573 U.S. 351, 358 (2014) (internal citation omitted)—including, here, the words "come into." *See also Kennedy v. Braidwood Mgmt., Inc.*, 606 U.S. 748, 773 (2025). Coming into possession of something most naturally implies receipt from an external source. Congress could have required the retention and production of all election-related records and papers "in the possession of" the state election official but did not. The "natural implication" of the failure to adopt this "obvious alternative" is that Congress did not intend the alternative. *Lozano v. Montoya Alvarez*, 572 U.S. 1, 16 (2014); *Advocate Health Care Network v. Stapleton*, 581 U.S. 468, 477-78 (2017).

In my view, this resolves the matter: the United States cannot utilize Title III to compel production of Maine's SVRL because it is not a record that comes into the possession of state officials, but is instead the product of the labors of state officials. However, as a separate and independent reason for rejecting the United States' Title III claim, I am also persuaded that the United States' stated purpose for its request is insufficient.

Much of the parties' briefing in this matter, as well as the decisions of other district courts that have declined to compel production of other states' SVRLs, has focused on Title III's requirement that the Attorney General's written demand include a statement of the basis and the purpose for the demand. *See* 52 U.S.C. § 20703. A number of district courts have concluded, as Defendants and Defendant-Intervenors urge me to conclude here, that "the 'purpose' required in a demand for records under Title III must relate to a purpose of investigating violations of individuals' voting rights." *Oregon*, 2026 WL 318402, at *10; *see also Amore*, 2026 WL 1040637, at *6. Defendants and Defendant-Intervenors have made strong arguments that this is so, but stronger still, in my view, is the argument that whatever investigatory purposes may support a Title III records demand, voter list maintenance is not among them.[11]

---

[11] Defendants and Defendant-Intervenors have also urged, and several other district courts have concluded, that the United States was required to, but did not, include in its written demand under Title III a factual basis for its request. *See*, *e.g.*, *Galvin*, 2026 WL 972129, at *3-6. The United States has requested that, in the event I am inclined to reach the same conclusion, it be permitted "to send Secretary Bellows a curing elaboration letter" setting out a factual basis. Pl. Resp. to Notice of Supp. Auth. at 2 (ECF No. 107). Because I decide the motions before me on other grounds, I do not chase this particular thread of the dispute to its conclusion.

Title III's requirement that the Attorney General provide a written "statement of the basis and the purpose" for its demand contemplates assessment of the sufficiency of the basis and the purpose asserted. 52 U.S.C. § 20703; *see also Oregon*, 2026 WL 318402, at *9 ("If any purpose . . . would suffice, then the requirement of stating the demand's purpose would serve no function"). The United States' stated purpose for requesting Maine's current unredacted SVRL is to ascertain whether Maine is complying with the list maintenance requirements imposed by the NVRA and HAVA. *See* Compl. ¶ 49. As the United States has explained in its filings, the intended review is apparently quite granular, including an assessment of "compliance with HAVA's requirement to provide the driver's license number, or the last four digits of the Social Security Number," which requires a "review [of] the SVRL to determine whether that information is being collected consistently." Pl. Resp. at 16. The United States has also gestured towards a plan to review the SVRL "to identify duplicate registration records, registrants who have moved, and registrants who have died or otherwise are no longer eligible to vote in federal elections." *Id*. at 12-13. I am not persuaded that the Civil Rights Act of 1960 can be leveraged for this purpose.

True, the text of Title III does not expressly limit the acceptable purposes for which the Attorney General can request documents under that statute. But "the meaning of one statute may be affected by other Acts, particularly where Congress has spoken subsequently and more specifically to the topic at hand." *Brown & Williamson Tobacco Corp.*, 529 U.S. at 133 (internal citation omitted). To determine whether the Attorney General's purpose is sufficient, I start not with Title III, but with the text and structure of

HAVA and the NVRA—the statutes that impose the obligation to create the computerized list of registered voters that the United States has brought this suit to obtain, and whose technical and list maintenance requirements the United States seeks to enforce. HAVA requires each state's chief election official to "implement, in a uniform and nondiscriminatory manner, a single, uniform, official, centralized, interactive computerized statewide voter registration list[.]" 52 U.S.C. § 21083(a)(1)(A). The list must contain "the name and registration information of every legally registered voter" and assign to each "a unique identifier." *Id*. HAVA clearly specifies and repeatedly reiterates that the list must be "defined, maintained, and administered at the State level"—not by the federal government. *Id*.; *see also id*. § 21083(a)(2) (directing "[t]he appropriate State or local election official" to "perform list maintenance with respect to the computerized list on a regular basis").[12] HAVA also expressly leaves "to the discretion of the States" "[t]he specific choices on the methods of complying with" its "requirements." *Id*. § 21085. The NVRA similarly directs its commands for "the administration of voter registration for elections for Federal office"—including those pertaining to voter list maintenance—to "each State." 52 U.S.C. §§ 20507(a), 20507(a)(4). Both statutes could not be clearer: each individual state, and not the U.S. Department of Justice, is the master of its voter list, entrusted with its administration and maintenance.

---

[12] *See also* 52 U.S.C. § 21083(a)(3) (directing "[t]he appropriate State or local election official" to "provide adequate technological security measures to prevent the unauthorized access to the computerized list"); *id*. § 21083(a)(4) (requiring "[t]he State election system" to "include provisions to ensure that voter registration records in the State are accurate and are updated regularly"); *id*. § 21083(a)(5)(A)(iii) ("The State shall determine whether the information provided by an individual is sufficient to meet the requirements of this paragraph, in accordance with State law").

HAVA, moreover, contains specific provisions that govern its enforcement, which do not independently afford the United States access to a state's current, unredacted SVRL. *See* 52 U.S.C. § 21111 (authorizing the Attorney General to "bring a civil action against any State . . . for such declaratory and injunctive relief . . . as may be necessary to carry out the uniform and nondiscriminatory election technology and administration requirements under sections 21081, 21082, 21083, and 21083a of this title"). The NVRA contains a similar enforcement provision to that found in HAVA. *See id.* § 20510(a) ("The Attorney General may bring a civil action in an appropriate district court for such declaratory or injunctive relief as is necessary to carry out this chapter."). It also provides for the disclosure of "records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters," *id.* § 20507(i)(1), including Maine's computerized SVRL, *see Public Interest Legal Foundation v. Bellows*, 92 F.4th 36, 45-49 (1st Cir. 2024).

Together, the NVRA and HAVA create a comprehensive scheme for the creation and upkeep of states' computerized SVRLs, and for the enforcement of the list maintenance requirements imposed by those statutes. That scheme gives the Attorney General the power to "bring a civil action" against a state that has violated those provisions, *see* 52 U.S.C. §§ 20510(a), 21111, but it does not contemplate the line-by-line audit of each state's computerized SVRL by the federal government to assess compliance with those provisions. That is why the United States leans so heavily on Title III of the Civil Rights Act, even though it was not drawn with any of our present concerns in mind. Yet, "[i]t is a commonplace of statutory construction that the specific governs the general," particularly

17

where "Congress has enacted a comprehensive scheme and has deliberately targeted specific problems with specific solutions." *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012) (internal citations omitted); *see also United States v. Bormes*, 568 U.S. 6, 12-13 (2012) (reaffirming the principle that a "precisely drawn, detailed statute pre-empts more general remedies") (internal citation omitted). When "a general authorization and a more limited, specific authorization exist side-by-side," the specific provision controls. *RadLAX*, 566 U.S. at 645. The United States' undertaking to obtain through the Civil Rights Act what it has all but conceded it cannot obtain under the specific statutes it is seeking to enforce is in direct contravention of these principles. If the Department of Justice wants to enforce HAVA and the NVRA, it must use the pre-suit investigation and enforcement mechanisms that Congress provided in those statutes—which do not contemplate production of the unredacted computerized list to the Attorney General so that he might loom over the shoulder of the state election official to point out and demand the correction of inaccuracies in the list.[13]

Finally, giving Title III the construction that the United States requests would also require me to turn a blind eye to traditional principles of federalism and how those

---

[13] The district court in *Benson* concluded differently on this point. *See* 2026 WL 362789, at *8. Because "[t]here is no rule of statutory interpretation that prevents a statute from interacting with, or being used in conjunction with, subsequently enacted statutes," the *Benson* Court reasoned that the several decades separating the passage of the Civil Rights Act from the passage of the NVRA and HAVA was not an important consideration. *Id*. Perhaps so, but "the meaning of one statute may be affected by other Acts, particularly where Congress has spoken subsequently and more specifically to the topic at hand." *Brown & Williamson Tobacco Corp.*, 529 U.S. at 133 (internal citation omitted). I remain unconvinced by the proposition that Congress, in requiring states to create and maintain computerized lists of registered voters pursuant to particular specifications, would grant the federal government unrestricted access to those lists to investigate compliance with those specifications—beyond the mechanisms specifically provided for that purpose in those statutes themselves—without saying so explicitly.

principles have found expression in American elections—the backdrop against which Congress enacted the NVRA and HAVA. *See Learning Resources, Inc. v. Trump*, 607 U.S. – , 146 S.Ct. 628, 672 (2026) (Barrett, J., concurring) (emphasizing the importance of "background legal conventions and constitutional structure" in ascertaining "the most natural reading of a statute"). Under our Constitution, states are the primary regulators and administrators of elections for federal office, unless Congress passes legislation that preempts that framework. *See* U.S. Const. Art. I § 4, cl. 1; *Foster v. Love*, 522 U.S. 67, 69 (1997). And Congress's power to do even that is itself subject to limitations. *See, e.g., Arizona v. Inter Tribal Council of Arizona, Inc.*, 570 U.S. 1, 16-17 (2013) ("[T]he Elections Clause empowers Congress to regulate *how* federal elections are held, but not *who* may vote in them."). The text of HAVA itself demonstrates sensitivity to this traditional division of labor and a delicate touch to matters bearing upon the relationship between the federal and state governments, recognizing that HAVA presented a new incursion into what had once been the states' exclusive domain. *See, e.g.,* 52 U.S.C. §§ 21084 (emphasizing that "nothing in this subchapter shall be construed to prevent a State from establishing election technology and administration requirements" in excess of those imposed by federal statute), 21085 ("The specific choices on the methods of complying with the requirements of this subchapter shall be left to the discretion of the State."). Construing the Civil Rights Act of 1960—enacted as strong medicine to address the stubborn ill of racial discrimination in voting booths across the Jim Crow South—to implicitly provide the United States a right to every state's SVRL on demand for purposes of conducting a comprehensive, line-by-line audit of the state's compliance with HAVA and the NVRA

19

would take a sledgehammer to the balance Congress struck when it required states to create and maintain computerized lists of registered voters in the first place. The implausibility of such a construction is only increased by the manner in which both the NVRA and HAVA repeatedly charge states—not the federal government—with the maintenance of their own voter rolls. *See id.* §§ 20507(a)-(g), 21083(a)(1)(A), 21083(a)(2), 21083(a)(3), 21083(a)(4).

To sum up, the United States has demanded Maine's SVRL under Title III of the Civil Rights Act for the purpose of monitoring compliance with the NVRA and HAVA. But the preservation and disclosure requirements of Title III are not that robust, applying only to records and papers that "come into [the election officer's] possession," 52 U.S.C. § 20701, and not the lists and tools created by the state to administer its elections. Furthermore, the NVRA and HAVA are more recent, more precise statutes with their own objectives and mechanisms for enforcement. If they do not authorize the disclosure that the United States here seeks to compel, Title III does not serve to make those statutes any more demanding. I turn to offer a few parting words on the United States' utilization of those statutes now.

The United States' championing of its claims under the NVRA and HAVA, in both its briefing and its presentation at the hearing on this matter, can only be described as half-hearted. And for good reason, since neither statute gives the United States the power to compel Maine to produce its current computerized SVRL "with all fields." Compl. ¶ 65.D. The First Circuit already determined what the United States is entitled to under the NVRA's public disclosure provision, *see* 52 U.S.C. § 20507(i)(1), in *Public Interest Legal*

*Foundation v. Bellows*, 92 F.4th 36 (1st Cir. 2024).  While Maine's central voter registration system and reports generated from it fall within the scope of this disclosure provision, *see id.* at 45-50, "nothing in the text of the NVRA prohibits the appropriate redaction of uniquely or highly sensitive personal information" from what the state must disclose, *id.* at 56.  It does not, then, require production of the current computerized SVRL "with all fields," unredacted.[14]  Compl. ¶ 65.D.

Unlike the NVRA, HAVA contains no disclosure provision at all.  The United States points instead to its enforcement provision, *see* 52 U.S.C. § 21111, arguing that by virtue of its power to bring suit to enforce certain of HAVA's requirements, it is entitled to the records it seeks "through the ordinary investigative process" and under Rule 34 of the Federal Rules of Civil Procedure.  Pl. Resp. at 16-17.  But this is not an action to enforce HAVA's substantive requirements—the only violation of HAVA that the United States has actually alleged is Maine's failure to comply with its demand for the computerized SVRL.[15]  *See* Hr'g Tr. 62:13-16 (ECF No. 104) ("But, again, just to clarify, both the NVRA and HAVA claims that we've brought are not substantive violations other than just simply we are entitled to the records.").  The United States essentially claims "that it can file a

---

[14] Perhaps the United States could have argued that the Department of Justice is entitled to more under the NVRA than what a public requester (such as the Public Interest Legal Foundation) can obtain, as far as redactions of sensitive personal information go.  But in the single paragraph offered in support of the NVRA claim, the United States does not make that case.  *See* Pl. Resp. at 13-14.

[15] In its briefing, the United States gestures towards a similar argument with respect to its NVRA claim, which fails for the same reason. The United States asserts that it "has properly alleged in its Complaint that Defendants have failed to engage in reasonable list maintenance efforts" and is therefore entitled to "the voter registration list, which necessarily must be used to ensure the accuracy of the official list of eligible voters, and is some of the best evidence of a state's voter list maintenance efforts."  Pl. Resp. at 15.  If the United States' pleadings contain any allegation that Maine has not engaged in reasonable list maintenance efforts, in violation of the NVRA, it was not made apparent to me.

HAVA claim, allege no violations of HAVA, and obtain information to support its (as-yet-nonexistent) claim via discovery." *Benson*, 2026 WL 362789, at *2. This assertion has "no basis in the Federal Rules of Civil Procedure," *id.*, nor in any other federal law of which I am aware. *See McCloskey v. Mueller*, 446 F.3d 262, 271 (1st Cir. 2006) ("[P]laintiffs should not be permitted to conduct fishing expeditions in hopes of discovering claims they do not know they have."). Stated a bit more colloquially, the United States has filed a HAVA action in search of a HAVA violation, which is not the preferred order of things in the course of civil litigation.

At the hearing, the United States' attorney characterized the federal government's role in the voter-registration scheme created by HAVA and the NVRA as "one of trust but verify." Hr'g Tr. at 46:20 (ECF No. 104). But the text and structure of those statutes require a greater degree of trust than this Department of Justice would perhaps like to give—and only limited mechanisms for verification. As I see it, this was by design.

## CONCLUSION

For these reasons, the Motions to Dismiss (ECF Nos. 53, 54, and 61) are GRANTED, and the Motion for Order to Show Cause (ECF No. 5) is DENIED.

SO ORDERED.

Dated this 21st day of May, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge